STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO. CV-05-66

RE-CUM-7/18/06

KIM SMALL and JAMES
CUNNINGHAM d/b/a
PHANTOM KITTY KOMIX

Plaintiffs

v.

DURANGO PARTNERS, LLC and
TURNER BAKER REALTY, INC.

Defendant

ORDER ON
DEFENDANTS' MOTION
FOR SUMMARY
JUDGMENT

Before the court is defendants Durango Partners, LLC and Turner Barker Realty, Inc.'s ("Durango"[1]) motion for summary judgment on plaintiffs Kim Small and James Cunningham, d/b/a/ Phantom Kitty Komix ("Plaintiffs") complaint.

## BACKGROUND

Plaintiffs were the owners of a comic book/collectibles store located at 49 Oak Street in Portland ("Premises.") Plaintiffs rented the Premises from Durango under a three-year lease that expired on December 31, 2003[2]. The Premises are adjacent to 51 Oak Street, occupied by the Oak Leaf Inn. Both 49 and 51 Oak Street are owned by Durango.

---

[1] Even though there are two defendants, Durango and Turner Barker Realty, the defendants' motion for summary judgment is based on Plaintiffs' relationship with Durango. Turner Barker Realty is alleged by Plaintiffs to be Durango's property manager, and Plaintiffs have not argued that they seek to hold Turner Barker liable even in the absence of any liability on Durango's part. Accordingly, the court understands that Turner Barker's liability is contingent upon a finding of liability against Durango, as Durango's agent.
[2] A copy of the lease agreement ("Lease") is attached as Exhibit 1 to Defendants' motion for summary judgment. Plaintiffs do not dispute the authenticity of this exhibit.

1

On November 11, 2004, a boiler burst in the basement of the Oak Leaf Inn, causing flooding and damaging Plaintiffs' inventory. Further damage was caused to Plaintiffs' inventory by an electrical fire that occurred on November 14, 2004, possibly as a result of the use of electrical space heaters provided by Durango to the tenants adjacent to Plaintiffs, combined with possibly faulty or ill-maintained wiring. Plaintiffs also lost electrical power after the November 14 fire, which Plaintiffs claim prevented them from salvaging as much inventory as possible from the Premises. Plaintiffs quit the Premises in February, 2005.

The complaint alleges ten counts of Negligence against the defendants, for their failure to maintain the boiler that burst (I and II), failure to address and contain subsequent flooding of the Premises (III and IV), failure to maintain a safe electrical system (V and VI), negligent furnishing of electrical heaters (VII and VIII), and failure to maintain working smoke detectors and sprinkler systems (IX and X). Plaintiffs claim damages for loss of inventory, and for the loss of their business

## DISCUSSION

Durango's motion for summary judgment is based on the Lease, which allocates the risk of loss to Plaintiffs for property damage. Paragraph 9 of the Lease states in pertinent part:

> **LOSS, DAMAGE TO PERSONALTY:** All property of the Tenant or of Tenant's employees, customers and invitees or others in the Premises shall be held at Tenant's sole risk and Landlord shall not be liable for any loss, damage or destruction of any such property by fire, theft or any other cause. Contents insurance shall be the sole responsibility of Tenant. Tenant agrees to hold Landlord harmless from all claims by Tenant... arising from the destruction of, loss of or damage to any personal property located in or about the Premises or the Building belonging to Tenant or others, whether or not caused by a condition of the premises.

2

Plaintiffs claim that, after December 31, 2003, the Lease expired, and that Durango is no longer entitled to claim its protection. Durango contends that the terms of the Lease apply to Plaintiffs as holdover tenants. Paragraph 20 of the Lease provides:

> **HOLDOVER:** If the Premises are retained by Tenant with the written consent of Landlord beyond the term of this Lease or any extension or renewal thereof, Tenant shall be considered to be a tenant at will on all of the terms and conditions of this Lease, including the payment of rent. If such holding over is not with Landlord's written consent, no tenancy at will shall be created and the Tenant must vacate the Premises immediately on demand by Landlord.

The parties dispute whether, after December 31, 2003, Durango provided written consent to Plaintiffs to retain the premises under a tenancy at will, as contemplated by the holdover paragraph. However, whether or not Durango provided written consent for Plaintiffs to continue as tenants at will after expiration of the Lease is immaterial. If it had, Plaintiffs would have explicitly continued under the terms of the Lease. Even if it hadn't, though, Plaintiffs do not dispute that, at the time of the boiler burst, flooding, fire, and loss of electricity, they had been holding over in the Premises for over ten months. They also do not dispute that their rent continued at $690/month, which was the rent under the Lease for the year 2003.

The *Restatement (Second) of Property*, § 14.7 cmt. a. is clear on the responsibilities of a holdover tenant: "In order best to recognize and preserve a continuity of expectations of rights and duties during the holdover period, disputes over issues not otherwise covered in §§ 14.2 to 14.6[3] are justifiably

---

[3] §§ 14.2 to 14.6 govern whether and how a landlord may use self-help to remove a holdover tenant; the landlord's unilateral right to hold a holdover tenant to another lease term; and a

3

governed by the incidents of the previous tenancy." The Lease clearly allocates the risk of loss of personal property to Plaintiffs, and this incident of the lease is carried over, if not by the parties' explicit agreement, then by operation of law, to the holdover period. The Restatement also provides the following illustration:

> L leases to T for ten years. The lease contains a promise by T that he will keep the leased premises insured against fire and will use the insurance proceeds to restore the leased premises to their former condition in the event of a fire. T improperly holds over after the termination of the lease. The fact that he has improperly held over does not require any modification in his responsibility in regard to fire insurance. T lets his fire insurance policy lapse after the date his lease terminated. During the holdover period, a building on the premises is destroyed by fire. T is liable for his failure to carry fire insurance during the holdover period to the same extent that he would have been liable if such failure had occurred during the term of the lease and the fire had occurred during the term of the lease.

*Restatement (Second) of Property*, § 14.7, illustration 1.

Plaintiffs also contend that, even if Durango prevails on its argument that the terms of the Lease governed at the time of the Loss, this does not prevent Plaintiffs from recovering for damages resulting from the termination of their business enterprise. Plaintiffs allege that the loss of their business enterprise was the combined result of the loss of inventory and loss of a retail space, and of Defendants' failure to take any steps to help them continue in their business. Under the terms of the Lease, however, not only is Durango not responsible for damage to personalty, but it is also not responsible for the loss of Plaintiffs' retail space, nor is it required to aid Plaintiffs in the continuation or rehabilitation of their business. Paragraph 10 of the Lease states:

> **DAMAGE TO OR DESTRUCTION OF THE PREMISES**: If the Premises or the Building should be damaged by fire or other cause

---

holdover tenant's liability for use and occupancy of premises, as well as their responsibility for special damages arising out of their improper holdover.

beyond the control of and without the negligence of Tenant or Tenant's employees, guests, customer or invitees, so as to be wholly untenantable, and in the judgment of Landlord the Premises cannot in the exercise of reasonable diligence be rendered tenantable within a period of thirty (30) days from the date of said damage, this Lease shall terminate, the termination to be deemed effective on the day following such damage.

Plaintiffs agreed that, should the Premises become untenantable, Durango would have the sole authority to decide whether or not to rehabilitate the Premises, and continue to hold Plaintiffs to the Lease. In the holdover period, although there was no longer any lease period to which Durango could hold Plaintiffs, Plaintiffs continued to hold the Premises on the understanding that, should they become untenantable, they would have no ability to require Durango to rehabilitate them. As of the time the Premises became untenantable, therefore, the parties' mutual obligations as landlord and tenant ceased. Plaintiffs were no longer required to pay rent, and Durango was no longer required to provide Plaintiffs with quiet enjoyment of the Premises.

The entry is:

Defendants' motion for summary judgment is GRANTED.

Dated at Portland, Maine this _18th_ day of _July_, 2006.

Robert E. Crowley
Justice, Superior Court

5

= COURTS
nd County
ox 287
ie 04112-0287

JOHN BRANSON ESQ
PO BOX 7526
PORTLAND ME 04112

COURTS
id County
ıx 287
e 04112-0287

CAROL EISENBERG ESQ
HARRISON RICHARDSON ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545